IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAYDEN JAMAR SLEDGE                                                                                      PLAINTIFF

v.                                              Civil No. 4:22-cv-04006

WAYNE DAKOTA EASLEY, SR., Detective,
Texarkana Arkansas Police Department                                                           DEFENDANT

### REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickory, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is a Plaintiff's failure to comply with orders of the Court.

Plaintiff Jayden Jamar Sledge filed this 42 U.S.C. § 1983 action *pro se* on January 24, 2022. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3). In response to this Court's order Plaintiff filed a Second Amended Complaint on March 29, 2022. (ECF No. 12).

On May 6, 2022, Defendant Easley filed a Motion to Dismiss. (ECF No. 17). On May 9, 2022, the Court entered an order directing Plaintiff to file a response to the motion by May 31, 2022. (ECF No. 19). The order also informed Plaintiff that failure to timely comply with the order would result in dismissal of this lawsuit. On June 7, 2022, Plaintiff filed a Motion for Extension of Time to File a Response. (ECF No. 20). In this motion Plaintiff asked the Court for an extension of time to respond to Defendant's motion "so I can get proper legal representation for my situation". *Id.*

On June 8, 2022, the Court denied Plaintiff's request for an indefinite extension of time – i.e., until he obtained legal counsel – but granted his request for an extension giving him until June

30, 2020, to file a response to the Motion to Dismiss. (ECF No. 21). On June 27, 2022, Plaintiff filed the following "Response to a Denied Motion for Extension" with the Court:

> I Jayden Sledge in response to the Denial of a Motion for an Extension, am asking if my current situation isn't a fit for an extension than what situation is.
>
> There are many details left out his case and I currently don't know how to get the right information to the right person. Thank you for any acknowledgement so far, it'll probably be best if I get proper representation before trying to pursue this case.

(ECF No. 22).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with the Court's orders to file a response to Defendant's Motion to Dismiss and has stated he does not wish to continue to prosecute this case without legal representation. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule

2

5.5(c)(2), I recommend Plaintiff's Second Amended Complaint (ECF No. 12) be **DISMISSED WITHOUT PREJUDICE.**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this 29th day of July 2022.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE